Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5633 | **DATE** | 8/25/2004 |
| **CASE TITLE** | McKim vs. Celtic Tours, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. No one appears. **ENTER MEMORANDUM OPINION:** The motion (Doc 14-1) for summary judgment of Celtic Tours is granted in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | AUG 2 6 2004 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANNE NONIE McKIM,
        Plaintiff,

vs.                      03 C 5633

CELTIC TOURS, INC.,
        Defendant.

DOCKETED AUG 2 6 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Celtic Tours for summary judgment in its favor on the two counts of the complaint filed by Plaintiff Anne McKim. For the reasons set forth below, the motion is granted.

### BACKGROUND

Local Rule 56.1 supplies the framework by which motions for summary judgment are to be filed in the Northern District of Illinois. The rule mandates, in part, that parties serve and file statements of material fact in accordance with the specifications listed in sections (a) and (b). If the moving party fails to submit its statement, the motion may be denied outright under section (a)(3)(B). If the opposing



party fails to properly respond to any material fact, that fact is deemed admitted pursuant to section (b)(3)(B).

McKim's responsive memorandum contains a section entitled "Disputed Facts," but she has provided no response to the statement of material facts submitted by Celtic Tours that would satisfy Local Rule 56.1. As a result, she is deemed to have admitted all facts set forth by Celtic Tours. Neither has she submitted a statement of additional facts as required by Local Rule 56.1(b)(3)(B) to introduce any of the other factual contentions she makes within her brief. Counsel are expected to comply strictly with all local rules; "close enough" will not suffice.[1] See, e.g., Ammons v. Aramark Uniform Servs., Inc., 368 F.3d 809, 817 (7th Cir. 2004). The factual recitation that follows is a summary of the facts she has admitted.

McKim is a former employee of Celtic Tours. She worked as a sales representative in the company's Midwest region, which covered the states of Illinois, Michigan, Minnesota, and Wisconsin as well as territory between Chicago and the Rocky Mountains. In 2001, she was diagnosed with multiple myeloma. She

---

[1] Each party also violated Local Rule 7.1, which sets the page limit of any brief filed with the court to 15 pages unless the court gives prior approval to file an oversized brief. The memorandum in support filed by Celtic Tours is 17 pages long; McKim's response is 24 pages. Neither sought nor received approval from this court to file a brief in excess of 15 pages. In normal circumstances, this would be cause to strike the offending documents. However, in light of the outcome dictated by McKim's other violation, we will not employ this sanction.

underwent treatment for her condition, and her cancer went into remission. According to the record before us, she remains in remission. Neither the symptoms from her cancer nor the side effects of the drugs she was prescribed prevented her from working. She always told other employees of Celtic Tours that she felt fine. She never asked for time off in connection with her illness. She never spoke to the president of Celtic Tours regarding her condition. In the course of this suit, McKim has not alleged any limitation on a major life activity as a result of her cancer or its treatment.

As a result of declining revenues in the travel industry in the wake of the attacks in New York City on September 11, 2001, Celtic Tours was forced to eliminate several staff positions, including two sales representative positions, one of which fell within the Midwest region. Prior to this time, two sales representatives served this region: McKim and James Burke. Although McKim's performance was always satisfactory, Burke's was superior in comparison to hers. In addition, Burke had extensive connections with tour groups that McKim did not. If Burke's position were eliminated, Celtic Tours feared that these connections would be lost. As a result, McKim was fired rather than Burke.

In August 2003, McKim filed suit against Celtic Tours, claiming that the termination of her employment violated Title VII, apparently alleging sex discrimination, and the Americans with Disabilities Act, alleging discrimination

because of her cancer. Celtic Tours now moves for summary judgment in its favor on the entirety of the complaint.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). With these principles in mind, we address the motions before us.

## DISCUSSION

In a discrimination case, a plaintiff has two potential avenues to pursue in proving her case: the indirect method and the direct method. See Rogers v. City of Chicago, 320 F.3d 748, 753 (7th Cir. 2003).[2] McKim does not set forth any direct evidence of sex or disability discrimination, so we analyze her ability to survive summary judgment under the indirect approach first established in McDonnell Douglas v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).

McKim shoulders the initial burden of showing the presence of all the elements of a prima facie case of sex and disability discrimination. For the former, she must show that she is a member of a protected class, that she was meeting her employer's legitimate expectations, that she suffered an adverse employment action, and that she was treated differently than a similarly situated person not within the protected class. See Krchnavy v. Limagrain Genetics Corp., 294 F.3d 871, 875 (7th Cir. 2002). McKim has no trouble with the first three elements, but her case falls flat on the fourth.

---

[2] As there is no shortage of Seventh Circuit cases addressing the precise points of law at issue in this case, both parties' propensity to cite cases from other circuits, most often the Second Circuit, leaves us at a loss. Needless to say, our opinion is decided in accordance with the controlling case law from the Supreme Court and the decisions of the circuit in which we sit, the Seventh Circuit.

The only candidate for a similarly situated employee is James Burke, the sales representative who was retained by Celtic Tours. However, she has admitted that Burke had significant connections within the travel industry that were superior to hers, as well as sales numbers that outshone her own. Because of these differences in their qualifications, McKim and Burke are not similarly situated for purposes of Title VII. See Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002). As a result, she has not established a prima facie case of sex discrimination.

The prima facie elements of a disability discrimination case are similar to those listed above. A plaintiff must show that she is disabled as that term is used within the ADA, she is qualified to perform the essential functions of her job without or with reasonable accommodation, and she has suffered an adverse employment action because of her disability. See Buie v. Quad/Graphics, Inc., 366 F.3d 496, 503 (7th Cir. 2004). McKim's case fails on the first element; there is no indication that she is disabled within the ADA. As the Supreme Court has made clear, a disability covered by the ADA must substantially limit a person in a major life activity. See Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 195, 122 S. Ct. 681, 690 (2002). McKim has not shown that her illness substantially limits her in any major life activity; the impact she describes does not affect her major life functions at all, let alone in to a substantial level. See id. at 201, 122 S. Ct. at 693. In addition, an

impairment must be permanent or long-term; by all accounts, McKim's cancer has been in remission for a longer period than it was active, and she has shown no signs of relapse.

Even if McKim had shown that she has an ADA-protected disability, her showing on the third element of her prima facie case would come up short. As stated above, she must show that her firing was caused by her disability, but she has admitted that the impetus for the adverse employment action was the downturn within the travel industry and its effect on the economic situation of Celtic Tours. Thus, she has failed to show a causal link between her firing and her cancer.

In the face of McKim's failure to establish her prima facie case, Celtic Tours is under no obligation to advance a legitimate business reason for its employment decisions. See Peele v. Country Mut. Ins. Co., 288 F.3d 319, 326 (7th Cir. 2002). However, as mentioned above, one has been proffered, namely the belt-tightening necessitated by the travel industry's slowdown. McKim has offered no evidence to establish that this reason is a front for illegal discrimination, so summary judgment in favor of Celtic Tours would be appropriate even if she had been able to establish prima facie cases of sex or disability discrimination. See McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824.

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment of Celtic Tours is granted in its entirety.

 

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   AUG 2 5 2004